IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MELVIN B. THOMPSON,

    Petitioner,

vs.                                                  Case No. 4:07cv407-WS/WCS

WALTER A. McNEIL,

    Respondent.

    _____/

## REPORT AND RECOMMENDATION TO DISMISS
## § 2254 PETITION WITHOUT PREJUDICE

This cause is before the court on Petitioner's motion for clarification. Doc. 33. Petitioner asks a series of very appropriate questions regarding the meaning of the last order. Petitioner had been directed to show cause, if any, why his petition should not now be dismissed without prejudice. Doc. 32 (incorporated herein by reference). Petitioner seems to agree in response that, assuming a later petition will not be deemed untimely or barred as a second or successive habeas corpus petition, he has no objection to dismissal at this time. Doc. 33, p. 2.

The amended 28 U.S.C. § 2254 petition filed in this case raises 17 grounds for relief. Doc. 12. Grounds one, two, and five relate to denial of the motion to recuse and

the failure to timely file a motion to recuse the trial judge, based on pretrial comments on the sentence Petitioner would receive if convicted. Grounds three and six pertain to the sentence imposed.

The Florida Supreme Court found that defense counsel's failure to timely file a motion to recuse satisfied both the deficient performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) for purposes of sentencing. Thompson v. State, 990 So.2d 482 (Fla. 2008) (a copy is attached to doc. 30). The court found "nothing in the record to undermine our confidence in the jury's determination of guilt," but "our confidence in the sentence ultimately imposed upon Thompson has been sufficiently undermined to merit relief under *Strickland*." 990 So.2d at 491. The case was remanded with directions for a new sentencing proceeding. *Id.*; Thompson v. State, __ So.2d __, 2008 WL 4648272 (Fla. 1st DCA October 22, 2008) (on remand, "we reverse the circuit court[']s denial of Appellant[']s claim of ineffective assistance of counsel and remand with directions for a new sentencing proceeding.").

This court previously noted that a stay and abeyance, available only in limited circumstances in the court's discretion, was no longer appropriate. Doc. 32, pp. 2-3 and n. 1, *discussing* Rhines v. Weber, 544 U.S. 269, 277-278, 125 S.Ct. 1528, 1534-35, 161 L.Ed.2d 440 (2005). A resentencing has been ordered, which would moot the Strickland claim as to sentencing (though not as to the trial itself), and it remains to be seen what sentence will be imposed. Depending on the proceeding and sentence imposed, the current claims might be moot, or different federal claims might arise. A

claim of state law error in application of the sentencing guidelines, standing alone, is not cognizable under § 2254.  See, Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989).

A petition filed after this petition has been dismissed – unadjudicated – for containing unexhausted claims will not be considered petition second or successive. Slack v. McDaniel, 529 U.S. 473, 485-488, 120 S.Ct. 1595, 1604-06, 146 L.Ed.2d 542 (2000).  It will be treated like a first petition, and may include nonfrivolous federal claims, if any, which develop in the upcoming state proceedings.  Id., at 487-488, 120 S.Ct. at 1605-06.

The current state of the law in this circuit is that the judgment on Petitioner's resentencing – which has not yet occurred – will commence the one year limitations period for filing a 28 U.S.C. § 2254 petition.  See Ferreira v. Secretary, Dept. of Corrections,  494 F.3d 1286, 1292-93 (11th Cir. 2007) (judgment on resentencing, which was the judgment pursuant to which petitioner was in custody, triggered the one year period).  Once entered, the new judgment will ultimately become final on conclusion of direct review or the expiration of time for seeking such review.  Absent tolling, the one year for filing a § 2254 petition will expire on the anniversary of the date of finality.  See 494 F.3d at 1289, n. 1; Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (finding that where the one year was triggered by a mandate issued on October 18, the last day for filing was October 18 of the following year, absent tolling) (citing Ferriera, other citations omitted).

When Petitioner later files his § 2254 petition he should bring only exhausted claims.  See Slack, 529 U.S. at 489, 120 S.Ct. at 1606 (noting that once a petitioner is made aware of the exhaustion requirement by order, failure to comply with an order is

grounds for dismissal).  Subject to restrictions of exhaustion and time, applicable to all § 2254 petitions, dismissal of this petition should be without prejudice.

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE**, such that a petition following exhaustion of state remedies will be subject to the usual limitations applicable to initial § 2254 petitions.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2008.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**